**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

---

DANIELLE RAUSA,

Plaintiff,

-against-

CV No.: 5:11-CV-01152
(TJM-ATB)

THE BOARD OF EDUCATION of the North Syracuse Central School District and STEVEN WOLF, Principal of Roxboro Middle School,

Defendants.

---

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE DUE PROCESS CLAIM

Stephen Ciotoli, Esq.
O'HARA, O'CONNELL & CIOTOLI
*Attorneys for Plaintiff,*
7207 East Genesee Street
Fayetteville, New York 13066
(315)451-3810

# TABLE OF CONTENTS

TABLE OF CONTENTS .......... i
TABLE OF AUTHORITIES .......... ii
PRELIMINARY STATEMENT .......... 3
PRIOR COURT DECISION .......... 3
STATEMENT OF FACTS .......... 4
LEGAL ARGUMENT

**POINT I:**

PLAINTIFF IS ENTITLED TO SUMMARY JUDGEMENT ON HER DUE PROCESS CLAIM BASED ON THE SUSPENSION WITHOUT PAY IN VIOLATION OF § 3020-A .......... 7

**POINT II:**

ON THE DUE PROCESS CLAIM PLAINTIFF IS THE PREVAILING PARTY AND ENTITLED TO DAMAGES, INCLUDING ATTORNEY FEES UNDER 42 U.S.C. § 1988 .......... 13

CONCLUSION .......... 17

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

Assoc. Teachers of Huntington, 30 N.Y.2d at 130 ....................8, 9

Bd. Of Ed. Of the City of Rochester v. Nyquist, 48 N.Y.2d 97 (N.Y. 1979) ....................9

Bd. Of Ed. Of Rochester, 48 N.Y.2d at 105 ....................9

Bd. Of Ed. Of Union Free School District No. 3 of the Town of Huntington v. Associated Teachers of Huntington, 30 N.Y.2d 122 (N.Y. 1972) ....................8

Bell v. Burson, 402 U.S. 535, 541-42 (1971) ....................11

Boddie v. Connecticut 401 U.S. 371, 379 (1971) ....................11

Cleveland Bd. Of Ed. V Loudermill, 470 U.S. 532, 546 (U.S. 1985) ....................10

Farrar v. Hobby, 506 U.S. 103, 111 (1992) ....................13

Gunasekera v. Irwin, 774 F.Supp.2d 882, 886 (S.D. Ohio 2011) ....................14

Hanrahan v. Hampton, 446 U.S. 754, 758 (1980) ....................13

Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) ....................12, 15

Matter of Bd. Of Educ. Of City of Rochester v. Nyquist, 48 N.Y.2d 97, 103 (1979) ....................7

Matter of Jerry v. Board of Education of the City School District of the City of Syracuse, 35 N.Y.2d 534, 541-542 (N.Y. 1974) ....................8, 9

Matter of Ungerer, 15 Ed. Rept. 415, Dedision No. 9227 (April 5, 1976) ....................8

Montefusco v. Nassau County 39 F.Supp.2d 231, 239 (E.D.N.Y. 1999) ....................11

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950) ....................10

Tebordo v. Cold Spring Harbor Cent. Sch. Dist., 126 A.D.2d 542, 510, N.Y.S.2d 664 (2d Dept. 1987) ....................6

Texas State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 790-91 (1989) ....................13

**RULES, STATUTES & REGULATIONS**

Education Law § 3020-a ........ 3-12, 14, 15

Education Law § 3020(4) ........ 7

Education Law § 3020-a(2)(b) ........ 4, 6, 7, 11

Education Law § 3020-a(4) ........ 6

N.Y.L. 1994, c. 691, § 2 ........ 7

42 U.S.C. § 1983 ........ 6, 12, 13

42 U.S.C. § 1988 ........ 12-16

## PRELIMINARY STATEMENT

The focus of this motion for summary judgment is that Plaintiff, Danielle Rausa ("Plaintiff"), a long-time tenured teacher employed by the Board of Education ("Board") of the North Syracuse Central School District ("District"), was subject to a clear and undisputed violation of her due process rights under Education Law § 3020-a, when she was suspended without pay for 30 work days (about 6 weeks pay) after 3020-a charges were brought against her, but before any hearing or opportunity to be heard in the 3020-a due process proceeding. Defendants only defense to this clear violation of teacher tenure rights, which is no defense at all, is that the collective bargaining agreement between the District and the teacher's union allowed for such action.

This motion is based on the Amended Verified Complaint - Seventh Cause of Action for Deprivation of Property and Liberty Interests - 42 U.S.C. § 1983 - ¶¶ 97-107 and specifically ¶ 103 where Plaintiff alleges that she was suspended without pay by the Defendant Board for thirty (30) days in violation of Plaintiff's Due Process Rights. *See*, Plaintiff's Amended Verified Complaint annexed to the Attorney Affirmation as **Exhibit "A."**

## PRIOR COURT DECISION

The Court is familiar with this action from the prior motion to dismiss, in which the Court granted in part and denied in part the Defendants' motion, including that portion of the Court's Decision on pages 18-19 and in particular, footnote 7 on page 18, which basically found in favor of Plaintiff on this very issue and nothing in discovery or depositions should change that result. (*See*, Dkt. No. 23, Decision and Order, dated March 21, 2012 by Judge Thomas J. McAvoy).

Based on the Court's prior Decision and Order, the following causes of action survived the motion to dismiss: Hostile Work Environment Claim on the basis of gender under Title VII, a pendant Section 1983 claim against the District for a Hostile Work Environment based on gender, *and a due process claim (Section 1983) against the District for the initial suspension without pay (30 days) prior to a Section 3020-a hearing – later reduced to 5 days by the terms of the settlement agreement*, which cause of action is now before this Court on motion for summary judgment.

## STATEMENT OF FACTS

The facts of this case have become rather well-known to this Court based on the prior motion to dismiss filed by Defendants and the Court's prior Order and Decision in this matter, which was rather thorough and complete in its recitation of the material facts in this matter, and which among other things, found rather specifically that Plaintiff's due process rights were violated by Defendants when she was suspended without pay and was not afforded a due process hearing under Education Law § 3020-a.

Plaintiff has been employed by the District since 1997. She was granted tenure on April 24, 2000 in the Music Education tenure area and has been assigned to Roxboro Middle School as an instrumental and vocal music teacher since June 3, 2002. *Amended Complaint* ¶ 13.

On **June 16, 2009**, Plaintiff was served with charges by the District pursuant to New York Education Law § 3020-a (the "3020-a Charges" and also, Defendants' Exhibit F). *Amended Complaint* ¶ 32 (**Exhibit "A"**).

The District suspended Plaintiff without pay for thirty (30) work days (about 6 weeks), commencing on **September 8, 2009**, prior to the hearing and prior to any

decision on the 3020-a Charges by an impartial hearing officer. *Amended Complaint* ¶ 33.

This unpaid suspension violated New York Education Law § 3020-a(2)(b) which requires that a pre-hearing suspension of a tenured teacher be *with pay*, except in limited circumstances not applicable here. *Amended Complaint* ¶ 34.

During the course of the 3020-a Charges and at the commencement of the hearing, a Settlement Agreement was entered into and executed on **June 28, 2010**. *Amended Complaint* ¶ 42-44. Pursuant to the agreement, Plaintiff's unpaid suspension was reduced from thirty (30) days to five (5) days. *Amended Complaint* ¶ 48-50.

With regard to the Settlement Agreement, it specifically stated that there was no waiver of claims – "*This Agreement is not a waiver of either partys (sic) right to commence an action for any relief not specifically addressed herein*". (*See Exhibit "C"* to the Amended Complaint).

Significantly, Plaintiff went almost a full year without 30 days pay (about 6 weeks). The settlement agreement was not entered into until 9 months later (September 2009 to June 2010), and the reimbursement didn't occur until August 2010 (almost a year after the suspension).

Defendants only defense to this claim is that the collective bargaining agreement states as follows under Section 8.6 of the Teacher Contract Agreement between the North Syracuse Education Association Local 2881 (NSEA) and the North Syracuse Central School District (the District):

> "In the event that any teacher is suspended pending a hearing on charges, such suspension shall be without pay until the findings and recommendations on the charges are determined."

This contract language regardless of its genesis, age, longevity or reliance on the same by any party, is clearly a violation of law and due process and does not provide a basis for Defendants to have suspended Plaintiff without pay prior to her due process hearing under § 3020-a. *See*, Defendants Answer to the Complaint annexed to the Attorney Affirmation as **Exhibit "B"** in which the Eighth Affirmative Defense states "*Defendants at all times acted in good faith and consistent with the terms of the collective bargaining agreement between the District and Plaintiff's union.*"

See also, Defendants' Answers to Interrogatories annexed to the Attorney Affirmation as **Exhibit "C"** in which in answer to Interrogatory No. 7 regarding Plaintiff's suspension "without pay and without a prior hearing" Defendants' response is that "*the District has a contractual provision unaltered by renegotiation allowing for an unpaid suspension prior to 3020-a hearing since prior to 1994.*"

## LEGAL ARGUMENT

## POINT I

### PLAINTIFF IS ENTITLED TO SUMMARY JUDGEMENT ON HER DUE PROCESS CLAIM BASED ON THE SUSPENSION WITHOUT PAY IN VIOLATION OF § 3020-A

Plaintiff's Seventh Cause of Action alleges that she was deprived of her protected property interest in her employment, tenure rights, and her good name without due process of law "pursuant to 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution." *See*, **Exhibit "A"** to the Attorney Affirmation for the First Amended Complaint ¶ 99.

The basis for these claims included the reprimands, the § 3020-a charges, and the *suspension without pay*. The focus of this motion, based on the Court's prior Decision and Order, is on the suspension without pay claim only

The law is clear and undisputed in this area. Because Plaintiff was a tenured teacher, she had rights guaranteed by New York State Education Law § 3020-a. That section "provides the exclusive method of disciplining a tenured teacher in New York State." *Tebordo v. Cold Spring Harbor Cent. Sch. Dist.*, 126 A.D.2d 542, 510 N.Y.S.2d 665 (2d Dept. 1987). "Under the statue, a tenured teacher is entitled to a due process hearing prior to the imposition of a ... suspension for a fixed time without pay...." *Id.* (quoting Educ. Law § 3020-a(4)). Because Plaintiff was suspended without pay and her conduct did not come within any of the statutorily prescribed exceptions to the right to a pre-suspension hearing, *see,* Educ. Law § 3020-a(2)(b), she was entitled to a due process hearing before being suspended without pay. The Amended Complaint alleges, and again it is undisputed, that Plaintiff did not receive a hearing until after the suspension and, therefore, states a claim for a violation of her right to due process of law.

Although Defendants argue that the protections afforded by the statute may be modified if a collective bargaining agreement[1] so permits, Education Law § 3020(4) limits that right to agreements between "the city school district **of the city of New York** and any employee organization representing employees or titles that are or were covered

---

[1] Section 8.6 of the Teacher Contract Agreement between the North Syracuse Education Association Local 2881 (NSEA) and the North Syracuse Central School District (the District) provides:

> "In the event that any teacher is suspended pending a hearing on charges, such suspension shall be without pay until the findings and recommendations on the charges are determined."

by any memorandum of agreement executed by such city school district and the united federation of teachers." The school district of the city of New York is not involved here.

The case on which Defendants have relied in the motion to dismiss memorandum of law is *Matter of Bd. of Educ. of City of Rochester v. Nyquist*, 48 N.Y.2d 97, 103 (1979), which noted that "the withholding of a teacher's pay during a period of suspension is nowhere proscribed…." This is how the statue read at the time of that case in 1979. The statue was amended in 1994. *See,* N.Y. L. 1994, c. 691, § 2. The current version of § 3020-a clearly has such a proscription.

In a decision regarding whether a tenured teacher could be suspended without pay prior to the clause amending N.Y. Educ. Law § 3020-a(2)(b) and specifically stating that the suspension must be with pay, the Court of Appeals held: "Compensation is a matter of such substantive right on the part of the teacher that we conclude that it cannot be taken away from him except pursuant to explicit statutory authorization." *Matter of Jerry v. Board of Education of the City School District of the City of Syracuse,* 35 N.Y.2d 534, 541-542 (N.Y. 1974). The court ultimately held that a suspension without pay pending the determination of charges was not authorized by N.Y. Educ. Law § 3020-a, and violated a substantive right. *Matter of Jerry,* 35 N.Y.2d at 542. The court further stated that it should be left to the Legislature to "grant specifically defined authority to withhold compensation during suspension." *Id.* at 543. Instead, the Legislature has done the exact opposite, mandating that a suspension be with pay.

The Court of Appeals addressed the validity of the terms and conditions of a collective bargaining agreement between a teachers association and a board of education in *Bd. of Ed. of Union Free School District No. 3 of the Town of Huntington v. Associated*

*Teachers of Huntington,* 30 N.Y.2d 122 (N.Y. 1972). The court held that pursuant to the Taylor Law, a board of education possessed broad powers to negotiate all terms and conditions of employment. However, the one limiting factor to the broad powers to negotiate the terms and conditions of employment is the "statutory provisions which expressly prohibit collective bargaining as to a particular term or condition." *Assoc. Teachers of Huntington,* 30 N.Y.2d at 130.

Clearly in light of the Court of Appeals decision in *Matter of Jerry* and the Legislature's subsequent amendment to N.Y. Educ. Law § 3020-a mandating that a suspension be with pay, there is a statutory provision expressly prohibiting the District from negotiating the term and condition of employment to suspend a tenured teacher without pay pending the determination of charges.

In *Matter of Ungerer*, the Commissioner of Education held that a school district could not suspend a teacher without pay pending the determination of charges despite a collective bargaining agreement provision authorizing the district to do so. *Matter of Ungerer,* 15 Ed. Dept. Rep. 415, Decision No. 9227 (April 5, 1976). Citing both *Matter of Jerry* and *Assoc. Teachers of Huntington,* the Commissioner stated that a board may not negotiate to circumvent N.Y. Educ. Law § 3020-a and its denial of authority to withhold the pay of a suspended teacher.

The board appealed the Commissioner's decision and the Court of Appeals upheld the ruling that the suspension without pay was improper. *Bd. of Ed. Of the City of Rochester v. Nyquist,* 48 N.Y.2d 97 (N.Y. 1979). The court stated that for a contract provision to be upheld that modifies or supplements a protective statutory provision, the contract provision must contain explicit language that unquestionably manifests the

parties' intention to effect such change. *Bd. of Ed. of Rochester,* 48 N.Y.2d at 105. There, the contract provision plainly stated a teacher would be notified if they had been "suspended with or without pay pending an investigation and recommendation by the Superintendent to the Board of Education." *Id.* at 101. The court stated that despite the lack of an express statutory provision forbidding a suspension without pay at that time, the contract provision did not clearly state the parties' intention to effect a suspension without pay until the determination of charges contrary to established law.

Subsequent to the finding in *Bd. of Ed. of Rochester* the law has been amended to mandate that a suspension be with pay. This protective statutory provision cannot be supplemented without a clear expression of the parties' intent to effect that change. The language of Section 8.6 of the Teacher Contract Agreement is not a clear expression of such intent. Rather, it is an ambiguous statement that does not clearly define which teachers (tenured or non-tenured) or to what charges it applies. Such an ambiguous statement can hardly be said to modify a clear legislative mandate that a tenured teacher suspended pending 3020-a charges serve that suspension *with pay.*

Further, enforcing this provision of the contract contradicts Section 8.8 of the same agreement, providing that no bargaining unit member will be disciplined without just cause and that discipline is subject to due process. Suspending a teacher without pay is undoubtedly a disciplinary action. Commencing the discipline prior to any sort of hearing or grievance procedure is a clear denial of any due process rights statutorily guaranteed to a tenured teacher. In *Cleveland Bd. of Ed. v. Loudermill*, the Supreme Court held that the essential minimum constitutional requirements of due process are notice of the charges brought against an individual and an opportunity to respond to those

charges prior to an adverse government action. *Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 546 (U.S. 1985). Here, Plaintiff has not even been afforded minimum due process in the form of an opportunity to respond prior to the implementation of discipline. Furthermore, New York requires more than this basement level of due process, requiring a full hearing before disciplinary action can be taken. Plaintiff has not been afforded this opportunity and any suspension without pay will be a violation of her constitutional and statutory rights.

An essential principle of due process is that the deprivation of a protected right must "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950). Further, "the root requirement" of the Due Process Clause requires "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Boddie* v. *Connecticut* 401 U.S. 371, 379 (1971) (emphasis in original); *see Bell* v. *Burson,* 402 U.S. 535, 541-42 (1971).

In the case of *Montefusco v. Nassau County*, the Court stated that "procedural due process requires an opportunity for a meaningful hearing prior to the deprivation of a significant property interest." 39 F.Supp.2d 231, 239 (E.D.N.Y. 1999). The court then stated that there was no basis for a claim that *Montefusco* was denied due process since "… he was *suspended with pay* pending the outcome of a hearing brought pursuant to state law…" Once again, Plaintiff was suspended without pay, which gives her a due process violation claim and there is no defense to this claim.

Here, the *Montefusco* case supports exactly what Plaintiff is seeking in the present action. That "the procedures outlined by § 3020-a of the Education Law" be "followed

precisely here" and that Education Law § 3020-a, subdivision 2(b) expressly provides that "*the suspension shall be with pay.*" *See*, *Id.* (emphasis added).

In fact, the basic rule that a suspension pending a § 3020-a proceeding must be with pay is such common knowledge and practice, that it is shocking that a school district of this size would either not know this rule or so blithely ignore it or think that some language in a collective bargaining agreement could trump well-established and well-known state law, especially when involving something so fundamental as a tenured teacher's pay.

The moment the District withheld Plaintiff's first paycheck, they lost this argument, and violated Plaintiff's due process rights under § 3020-a. Furthermore, the reason why the District was withholding Plaintiff's pay was because they wanted to "starve" her into submission and force her out, which is what § 3020-a is designed to protect against and what the Legislature intended as State public policy.

**POINT II**

**ON THE DUE PROCESS CLAIM PLAINTIFF IS THE PREVAILING PARTY AND ENTITLED TO DAMAGES, INCLUDING ATTORNEYS FEES UNDER 42 U.S.C. § 1988**

Based on the foregoing, Plaintiff will be the prevailing party on the due process claim since there is no defense to the claim and as the prevailing party, Plaintiff is entitled to damages, including attorney's fees under 42 U.S.C. § 1988.

Section 1988 provides that a prevailing party in a § 1983 claim may recover "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Although the general rule in the American legal system requires each party to pay its own attorney's fees and expenses, the Supreme Court has elucidated that the "purpose of 42 U.S.C. § 1988 is to

ensure effective access to the judicial process for persons with civil rights grievances" and therefore, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotations omitted). Therefore, as there are no special circumstances which would make the award unjust, Plaintiff as the "prevailing party" is entitled to attorney's fees under § 1988. *Id.* at 433.

The Supreme Court has held that plaintiffs are "prevailing parties" for the purpose of awarding attorney's fees under § 1988 "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433 (internal quotations omitted). The Supreme Court further clarified that the "plaintiff must obtain some relief on the merits of his claim", *i.e.*, "an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

Here, Plaintiff seeks remedy for Defendants' violation of her due process rights pursuant to 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the United States Constitution. Therefore, if the Court grants Plaintiff's motion for summary judgment, Plaintiff's § 1983 claim will be resolved on its merits and Plaintiff will be the prevailing party as defined under § 1988. Accordingly, Plaintiff will be entitled to an award for damages as well as reasonable attorney's fees pursuant to § 1988.

Additionally, the fact that Plaintiff will still have claims pending does not bar the award of interim attorney's fees under § 1988. The Supreme Court has recognized that "Congress intended to permit interim award of counsel fees [under § 1988] only when a

party has prevailed on the merits of at least some of his claims" and there has been a "determination of the substantial rights of the parties." *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980); *see also*, *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 790-91 (1989) ("Yet, if petitioners' victory on the teacher-to-teacher communication issue had been only an interim one, with other issues remanded for further proceedings in the District Court, petitioners would have been entitled to some fee award for their successful claims under § 1988.").

In *Hanrahan*, the Court held that the respondent-plaintiffs did not prevail on the merits of any of their claims, but were merely granted a ruling that they were entitled to trial of their cause. *Id.* Thus, the Court averred that although procedural or evidentiary rulings may ultimately affect a claim's disposition on the merits, these determinations are "themselves not matters on which a party could 'prevail' for purposes of shifting…counsel fees to the opposing party under § 1988." *Id.* at 759.

In the instant matter, Plaintiff is not seeking a procedural or evidentiary determination, but the adjudication of a significant Constitutional claim in her case and a significant claim for all the teachers in the North Syracuse School District, who are burdened and threatened with the same violation of their due process rights under the Collective Bargaining Agreement – that they can suspended without pay at the whim of the District in violation of their § 3020-a tenure rights.

A granting of summary judgment on Plaintiff's due process claim clearly affects the "substantial rights of the parties" and thus, the court is authorized to award interim attorney's fees pursuant to § 1988. By way of illustration, recently, a district court in Ohio cited *Hanrahan* when it awarded interim counsel fees to a professor where his

motion for summary judgment was granted, holding that he was deprived of his protected property interest where he was not provided with an adequate pre-deprivation opportunity to be heard. *Gunasekera v. Irwin*, 774 F.Supp.2d 882, 886 (S.D. Ohio 2011). Although, this case is not binding upon this court, it does clearly demonstrate that a claim adjudicated via summary judgment determines the substantial rights of the parties, and that the prevailing party of such a motion is entitled to attorney's fees under § 1988. Notably, the district court also stated that "[a] showing that the moving party has prevailed on an important matter in a case that is complex and of long duration weighs in favor of granting an interim award." *Gunasekera*, 774 F.Supp.2d at 886-87.

This could not be more on point with the present case. Plaintiff was suspended without pay on **September 8, 2009**. Since that time Plaintiff has been locked in almost four years of complex litigation seeking remedy for Defendants' overt violation of her Constitutional due process rights as well as her other protected rights. Accordingly, if there was ever a case justifying an interim award of reasonable attorney's fees under § 1988, this matter is it.

The Supreme Court has noted that the "starting point" for calculating "reasonable attorney's fees" is often the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate", and therefore, "[t]he party seeking the award should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. Accordingly, counsel's corresponding hourly rate is $185 per hour (a very reasonable hourly amount) and an estimate of the hours reasonably expended in handling Plaintiff's present claim is about 215 hours.

Nevertheless, the court in *Hensley* also recognized that lawsuits often involve "related claims" arising from a "common core of facts" and therefore, it is often difficult to "divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. Hence, the court reiterated that "[t]here is no precise rule or formula for making these determinations" and "reemphasize[d] that the district court has discretion in determining the amount of a fee award." *Id.* at 436-37.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Motion for Summary Judgment be granted in her favor on the Seventh Cause of Action claim for violation of her Due Process rights when she was suspended without pay in violation of § 3020-a and that she be declared the prevailing party in that claim granting her damages, including attorney's fees under 42 U.S.C. § 1988.

Dated: April 1, 2013

Respectfully Submitted,

O'HARA, O'CONNELL & CIOTOLI

/s/Stephen Ciotoli
Stephen Ciotoli, Esq.
Bar Roll: 512228
*Attorneys for Plaintiff*
7207 East Genesee Street
Fayetteville, New York 13066
315-451-3210

Laura H. Harshbarger, Esq.
(Bar Roll No. 509779)
*Attorneys for Defendants*
BOND, SCHOENECK & KING
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8000